ANNIE L. MOORE *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.   January 12, 1899. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER,
& HAMMOND, JJ.

*Presumption — Common Carrier — Injury to Baggage.*

Where the baggage of a passenger, properly packed and in good condition, is car-
ried from the starting point to the destination over lines of several connecting
railroads, which are common carriers, the passenger checking the baggage
"through" and retaining no control over it on the journey, and where on
delivery by the last common carrier to the owner it turns out to have been
injured in transit, the presumption is that the injury occurred while it was in
the custody and control of such last common carrier; and both convenience
and the weight of American authority are in favor of requiring that carrier
to exonerate itself.

CONTRACT OR TORT, for damages to the contents of the plain-
tiff's trunk.   Trial in the Superior Court, without a jury, before
*Sherman*, J., who reported the case for the determination of this
court, in substance as follows.

The plaintiff's counsel, in opening, stated that on August 21,
1897, the plaintiff purchased at Charleston, Tennessee, of the
Southern Railroad, a ticket to Boston, and at the same time de-
livered to the railroad company a trunk containing her wearing
apparel and personal baggage, for which she received a check to
Boston; that from Charleston to Boston the plaintiff travelled
over six distinct railroads, her ticket having separate coupons
for her passage over each road; that the last of these railroads
was that extending from New York to Boston, and was owned
and operated by the defendant; that each of the railroads sold
tickets to passengers for passage beyond the line of its own road,
stipulating, however, that in selling the tickets good for passage
beyond its own road it acted simply as agent for such other road;
that the plaintiff's trunk and contents were in good condition
and properly packed when delivered to the Southern Railroad;
that the plaintiff did not see the trunk from the time she checked
it at Charleston until it was delivered to her by the defendant at

Boston; and that upon opening it she discovered that its contents had been wet with water in some unknown manner, and greatly damaged, but was unable to show when, where, or how this damage occurred, or in whose possession the trunk was when the damage was done.

It was agreed that the judge might regard the facts stated by the plaintiff's counsel as proved, for the purposes of the case, and might draw inferences of fact therefrom.

The plaintiff then asked the judge to make the following ruling: " Where, as in a case like this, personal baggage of a passenger who pays his fare is carried from the starting point to the destination over the lines of several connecting railroads, which are common carriers, the passenger checking the baggage 'through,' and retaining no control over it on the journey, and where the baggage thus taken care of and transported by the connecting railroads, and checked ' through,' was properly packed and in good condition at the beginning of the journey, and when said baggage on delivery by the last common carrier to the owner turns out to have been injured and damaged in transit, then and in that event the presumption is that the damage occurred while the baggage was in the care, custody, and control of the last of said connecting lines of railroad. And the presumption being as just stated, it is for the defendant in this case, whose line of railroad was the last line over which the plaintiff's baggage was transported, to exonerate itself from this presumption. And if it fails so to do, the plaintiff is entitled to a verdict."

The judge refused so to rule, on the ground that the plaintiff, as matter of law, was not entitled to the ruling, and found for the defendant. If the ruling should have been given, judgment was to be entered for the plaintiff for the sum of $258.75, and interest from the date of the writ; otherwise, judgment for the defendant.

The case was argued at the bar in January, 1899, and afterwards was submitted on briefs to all the justices except *Field*, C. J.

*F. N. Nay*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

HOLMES, J. This is an action by a passenger to recover for damage to her luggage, suffered somewhere in the course of a

passage from Charleston, Tennessee, to Boston. The passage was over six connecting railroads ; it does not appear where the damage was done, and the plaintiff seeks to recover upon a presumption that the accident happened upon the last road.

The so called presumption was started and justified as a true presumption of fact, that goods shown to have been delivered in good condition remain so until they are shown to be in bad condition, which happens only on their delivery. But it was much fortified by the argument that it was a rule of convenience, if not of necessity, like the rule requiring a party who relies upon a license to show it. 1 Greenl. Ev. § 79. Pub. Sts. c. 214, § 12. As we, in common with many other American courts, hold the first carrier not answerable for the whole transit, and not subject to an adverse presumption, (*Farmington Mercantile Co.* v. *Chicago, Burlington, & Quincy Railroad,* 166 Mass. 154,) it is almost necessary to call on the last carrier to explain the loss if the owner of the goods is to have any remedy at all. To do so is not unjust, since whatever means of information there may be are much more at the carrier's command than at that of a private person. These considerations have led most of the American courts that have had to deal with the question to hold that the presumption exists. *Smith* v. *New York Central Railroad,* 43 Barb. 225, 228, 229; *S. C.* affirmed, 41 N. Y. 620. *Laughlin* v. *Chicago & Northwestern Railway,* 28 Wis. 204. *Memphis & Charleston Railroad* v. *Holloway,* 9 Baxter, 188, 191. *Dixon* v. *Richmond & Danville Railroad,* 74 N. C. 538. *Leo* v. *St. Paul, Minneapolis, & Manitoba Railway,* 30 Minn. 438. *Montgomery & Eufaula Railway* v. *Culver,* 75 Ala. 587, 593. *Beard* v. *Illinois Central Railway,* 79 Iowa, 518. *Savannah, Florida, & Western Railway* v. *Harris,* 26 Fla. 148. *Faison* v. *Alabama & Vicksburg Railway,* 69 Miss. 569. *Forrester* v. *Georgia Railroad & Banking Co.* 92 Ga. 699. In the opinion of the court, the weight of argument and authority is on that side. Mr. Justice Lathrop and I have not been able to free our minds from doubt because we are not fully satisfied that the court has not committed itself to a different doctrine. Still, it has not dealt with it in terms. In *Darling* v. *Boston & Worcester Railroad,* 11 Allen, 295, the only question discussed was a question of contract. In *Swetland* v. *Boston & Albany Railroad,* 102 Mass. 276, the question was as

to frozen apples.   It appeared that the weather had been very cold before delivery to the defendant.   The presumption was not mentioned.   These are the two nearest cases.

*Judgment for the plaintiff.*