9031

FICKLING v. SOUTHERN RY. CO.

MARTIN v. SOUTHERN RY. CO.

PREACHER v. SOUTHERN EXPRESS CO.

(84 S. E. 1008.)

</div>

CARRIERS. INTERSTATE COMMERCE. VALIDITY OF STATE LEGISLATION. LOSS OR DAMAGE TO GOODS. DAMAGES. PENALTIES FOR DELAYED SETTLEMENT OF CLAIM. CONSTITUTIONAL LAW.

The decision in *Varnville Furniture Co.* v. *Charleston & W. C. Ry. Co.,* 98 S. C. 63, 79 S. E. 700, overruled on writ of error by United States Supreme Court.

Before GAGE, J., Barnwell, November, 1913, and Hampton, October, 1913. Affirmed.

The first two above mentioned actions were brought in a magistrate's Court in Barnwell county to recover damages for the loss of goods in shipments from Augusta, Ga., to Blackville, S. C., and penalty for failure to adjust and pay claim within forty days. The third action was brought in a magistrate's Court in ·Hampton county to recover damages to·goods·occasioned by injury while being shipped from Burnt Prairie, Illinois, to Brunson, S. C., and penalty

for failure to adjust and pay claim therefor within forty
days. From judgment for plaintiff in each action, the
defendant appeals.

*Mr. J. H. Johnson,* for appellant, Southern Ry. Co., sub-
mits: *The commerce act of Congress as amended by the
act of June 29th, 1906, is superior to, and exclusive of,
State legislation as applied to interstate shipments, and
renders null and void the penalty act of the State of South
Carolina, now appearing as section 2573, volume I, Code
of 1912,* and cites: 219 U. S. 185; 223 U. S. 1; 227 U. S.
59; 216 U. S. 122; 226 U. S. 491; 22 U. S. 424.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appel-
lant, Southern Express Co., submit: *So long as Congress
has not acted upon a subject matter over which it is given
exclusive control by the Constitution, it is within the power
of the several States to pass laws which indirectly interfere
with interstate commerce, if such laws are not intended
directly to have that effect:* 163 U. S. 299; 217 U. S.
524; 54 L. Ed. 868; 169 U. S. 133; 18 Sup. Ct. R. 289.
*When Congress does act, however, upon the precise sub-
ject matter, the statutes of the State must yield, even though
they have been enacted under the police power, since the
regulations of Congress are supreme:* 158 U. S. 98; 15 Sup.
Ct. R. 802; 222 U. S. 424; 56 L. Ed. 257. *Congress has
enacted and, by the Carmack Amendment of June 29, 1906,
has undertaken to regulate the entire matter of interstate
transportation over the lines of connecting carriers:* 219
U. S. 186; 55 L. Ed. 167; 226 U. S. 491; 57 L. Ed. 314;
61 So. Rep. 194, 197. *"The duty to make prompt settle-
ment for loss or damages to goods is but an incident of the
duty to transport and deliver safely and with reasonable
diligence:"* 73 S. C. 73; 216 U. S. 122; 54 L. Ed. 411, at
page 417. *The presumption that the terminal carrier of
an interstate shipment damaged the goods has no applica-*

*tion to cases to which the Carmack Amendment is applicable:* 131 S. W. 1187, 1188. *The decision of the Supreme Court of the United States in the case of Atlantic C. L. R. R. Co.* v. *Mazursky, 216 U. S. 122, 54 L. Ed. 411, is not controlling in this action, for the reason that the cases involved in the Mazursky appeal arose prior to the taking effect of the Carmack Amendment, and because the passage of the amendment has superseded all State regulations relating to the same subject matter:* 226 U. S. 491; 57 L. E. 314. *Even if the penalty statutes are constitutional and applicable, the plaintiff was not entitled to recover the penalty upon the facts of the case. "This, being a penal statute, must be strictly construed."* 80 S. C. 527; 72 S. C. 479.

Messrs. *A. H. Ninestein, W. E. Matthews* and *J. W. Vincent,* for respondents.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The decision in each of the above entitled cases is governed by the decision of this Court in *Varnville Furniture Co.* v. *Ry.,* 98 S. C. 63, 79 S. E. 700.

Judgment affirmed.

MR. JUSTICE GAGE having heard these cases on Circuit did not participate in this decision.

NOTE.—The decision in *Varnville Furniture Co.* v. *C. & W. C. Ry. Co.,* 98 S. C. 63, 79 S. E. 700, was overruled by the United States Supreme Court on writ of error, on June 1st, 1915, see 35 Sup. Ct. Rep. 715, and thereupon the Supreme Court made an order modifying the foregoing decision, in *Preacher* v. *So. Express Co.;* and adjudging

that the judgment of the Circuit Court be reversed, unless the plaintiff should, within twenty days after notice of the filing of the remittitur remit so much of the judgment as includes the penalty recovered, and upon the plaintiff entering such remittitur, that judgment of the Circuit Court be affirmed.

The decision of the United States Supreme Court was as follows:

"CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY, *Plaintiff in Error,* v. VARNVILLE FURNITURE COMPANY.

(35 Sup. Ct. 715.)

COMMERCE —STATE REGULATION —CARRIER'S LIABILITY —CONGRESSIONAL ACTION.—Congress has so far taken over the subject of a carrier's liability for loss or damage to interstate shipments by the act of June 18, 1910, (36 Stat. at L. 539, chap. 309, Comp. Stat. 1913, sec. 8563), and the act of June 29, 1906 (34 Stat. at L. 584, chap. 3591, Comp. Stat. 1913, sec. 8563), amending respectively secs. 1 and 20 of the act of February 4, 1887 (24 Stat. at L. 386, chap. 104), as to invalidate the provisions of S. C. Civ. Code 1912, sec. 2573, in so far as they may subject a terminal carrier to the prescribed penalty of $50 for failure to pay promptly a claim for damages to an interstate shipment, no matter where the loss occurred, unless the carrier proves that the shipment never came into its possession, or succeeds, within the forty days allowed, in shifting the loss by giving notice as to when, where, and by which carrier the property was damaged, or by showing that it used due diligence, but was unable to discover where the damage occurred; nor is the statute saved by calling it an exercise of the police power, nor by the proviso in the act of June 29, 1906, saving the rights of holders of bills of lading under existing law.

(Argued May 12, 1915.   Decided June 1, 1915.)

In error to the Supreme Court of the State of South Carolina to review a judgment which affirmed a judgment of the Circuit Court of Hampton county, in that State, affirming a judgment of the magistrate's Court for that county in favor of plaintiff in an action against a terminal carrier to recover the damages to an interstate shipment and a penalty for failure to pay the claim promptly.   Reversed.

See same case below, 98 S. C. 63, 79 S. E. 700.

The facts are stated in the opinion.

*Mr. F. B. Grier,* for plaintiff in error.

No counsel appeared for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action for $14.75, damage to furniture in transit from High Point, North Carolina, to Varnville, South Carolina, $4.60 overcharge, and $50 penalty under a South Carolina statute (Civil Code 1912, sec. 2573), for a failure to pay the claims within forty days. The defendant contended that the law imposing the penalty was invalid under the act to regulate commerce, especially sec. 20 (24 Stat. at L. 386, chap. 104), as amended by the act of June 29, 1906, chap. 3591, 34 Stat. at L. 584, 593, Comp. Stat. 1913, secs. 8563, 8592, known as the Carmack Amendment. The lower Courts gave judgment for the plaintiff, and the judgment was affirmed by the Supreme Court of the State. *Atlantic Coast Line R. Co.* v. *Mazursky,* 216 U. S. 122, 54 L. Ed. 411, 30 Sup. Ct. Rep. 378, was relied upon as still sustaining the law notwithstanding the amendments of the Federal act. 98 S. C. 63, 79 S. E. 700.

The defendant (plaintiff in error) received the goods from the Southern Railway Company and delivered them in damaged condition. Where the damage was done does not appear. But by sec. 2572, in such cases the initial, intermediate, or terminal carrier who fails within forty days from notice to inform the notifying party when, where, and by which carrier the property was damaged is made liable for the amount of the claim and a penalty of $50, although it may escape by proof that it used due diligence and was unable to trace the property, etc. By sec. 2573 a similar liability is imposed on carriers for failure to pay claims for freight overcharge or damage to property while in the pos-

session of such carriers, "within forty days in case of shipments from without the State, after the filing of such claims," etc. If the property never came into their possession, they are remitted to sec. 2572. It seems to follow from the decision in this case, that the terminal carrier is held for a loss anywhere along the line, and for the penalty, unless it proves that the property never came into its possession, etc., or succeeds in shifting the loss within the forty days allowed. Therefore the assumption of this Court in *Atlantic Coast Line R. Co.* v. *Mazursky,* 216 U. S. 122, 129, 54 L. Ed. 411, 416, 30 Sup. Ct. Rep. 378, that the statute only concerned property lost or damaged while in the possession of a carrier in South Carolina, no longer is correct; perhaps because of amendments in what now is sec. 2572.

It is true that in the opinion of the Supreme Court the judgment is spoken of as being for damage done to a shipment "while in defendant's possession in this State," and it is said that the statute limits the liability to such damage. But in view of the record this can mean no more than that there is a presumption that the carrier that fails on notice to point out some other as responsible is itself in fault. The defendant happened to be the last carrier of the line, and in many States, including South Carolina, a so-called presumption has been established at common law that property starting in good condition remained so until the latest moment when it could have been harmed. But while this seems to have made its first appearance in the guise of a true presumption of fact, it became, if it was not always, a rule of substantive law, a rule of convenience, calling on the last carrier to explain. *Willett* v. *Southern R. Co.,* 66 S. C. 477, 479, 45 S. E. 93, 14 Am. Neg. Rep. 635; *Moore* v. *New. York, N. H. & H. R. Co.,* 173 Mass. 335, 337, 73 Am. St. Rep. 298, 53 N. E. 816. The rule is stated as a rule of policy in South Carolina, and the statute makes it still more

clearly so, since, with the limits that we have stated, it applies indifferently to any carrier in the line, if within the State, according to the accident of the plaintiff's demand. The case, then, we repeat, is that a carrier in interstate commerce has been held liable for a loss not shown to have happened while the goods were in its possession or within the State, or to have been caused by it, if those facts are now in any way material, on the strength of a rule of substantive law.

The claims dealt with in *Atlantic Coast Line R. Co.* v. *Mazursky,* 216 U. S. 122, 54 L. Ed. 411, 30 Sup. St. Rep. 378, all arose before June 29, 1906, the date of the Carmack Amendment. The South Carolina law has been amended and enlarged in scope since that decision, but it is less necessary to scrutinize those changes than to consider the modifications of the United States law. As it now stands that law requires the initial carrier to issue a through bill of lading, and makes it liable for all damage anywhere on the route. Sec. 20. By sec. 1, as amended by the act of June 18, 1910, chap. 309, sec. 7, 36 Stat. at L. 539, 546, Comp. Stat. 1913, sec. 8563, it is made the duty of carriers to secure the safe transportation and delivery of property subject to the act, upon reasonable terms. As was said in *Missouri, K. & T. R. Co.* v. *Harris,* 234 U. S. 412, 420, 58 L. Ed. 1377, 1382, 34 Sup. Ct. Rep. 790, the result of many recent cases there cited, beginning with *Adams Exp. Co.* v. *Croninger,* 226 U. S. 491, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, 33 Sup. Ct. Rep. 148, and coming down through *Boston & M. R. Co.* v. *Hooker,* 233 U. S. 97, 58 L. Ed. 868, L. R. A. 1915b, 450, 34 Sup. Ct. Rep. 526, is that "the special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments, and the contracts of carriers with respect thereto, have been superseded." It is true that in that case the inclusion of the attorney's fee, not exceeding $20, in the

costs upon judgments for certain small claims was upheld, although incidentally including some claims arising out of interstate commerce.    But, apart from the effect being only incidental, the ground relied upon was that the statute did not "in any way enlarge the responsibility of the carrier" for loss or "at all affect the ground of recovery, or the measure of recovery" (pp. 420, 422).    The South Carolina act, on the other hand, extends the liability to losses on other roads in other jurisdictions, and increases it by a fine difficult to escape.    It overlaps the Federal act in respect of the subjects, the grounds, and the extent of liability for loss.    We leave on one side the remote analogies put forward in the decision of the State Court, as, in our opinion, the cases and principle to which we have referred are sufficient and direct.    We should add that the item for overcharges also falls under the act of Congress, sec. 2, as it now stands; since that section makes the receiving of greater compensation than is received from others for similar services an unjust and unlawful discrimination.    The penalty, the only matter that we are considering, was exacted for a failure to pay both claims, within forty days, irrespective of the question whether adequate investigation had been possible, as required by the Interstate Commerce Commission's ruling, Nos. 462, 236 and 68.

It is suggested that the act is in aid of interstate commerce.    The State law was not contrived in aid of the policy of Congress, but to enforce a State policy differently conceived; and the fine of $50 is enough to constitute a burden. *Southern R. Co.* v. *Reid,* 222 U. S. 424, 443, 56 L. Ed. 257, 262, 32 Sup. Ct. Rep. 140.    But that is immaterial.    When Congress has taken the particular subject matter in hand, coincidence is as ineffective as opposition, and a State law is not to be declared a help because it attempts to go farther than Congress has seen fit to go.    *Chicago, R. I. & P. R. Co.* v. *Hardwick Farmers Elevator Co.,* 226 U. S. 426,

435, 57 L. Ed. 284, 287, 46 L. R. A. (N. S.) 203, 33 Sup. Ct. Rep. 174; *Southern R. Co.* v. *Railroad Commission,* 236 U. S. 439, 446, 447, *ante,* 304, 35 Sup. Ct. Rep. 304. The legislation is not saved by calling it an exercise of the police power, or by the proviso in the Carmack Amendment saving the rights of holders of bills of lading under existing law. *Adams Exp. Co.* v. *Croninger, 226* U. S. 491, 506, 507, 57 L. Ed. 314, 320, 321, 44 L. R. A. (N. S.) 257, 33 Sup. Ct. Rep. 148.

Judgment reversed.