## 9113

### CLARK v. SOUTHERN EXPRESS CO.

#### (85 S. E. 720.)

INTERSTATE COMMERCE. PENALTIES. APPEAL AND ERROR. CONSTITUTIONALITY OF STATUTES.

1. INTERSTATE COMMERCE—PENALTIES—STATE STATUTES.—Civil Code, sec. 2573, providing penalties for failure to adjust certain claims within a time specified, is not applicable to interstate shipments.

2. APPEAL AND ERROR—REVERSION OF GROUNDS—EXCEPTIONS.—An appellate Court will not consider any point raised by an exception unless it appears in the record that it was presented to or considered by the Court below.

3. CONSTITUTIONAL LAW—STATUTES—APPEAL AND ERROR.—A constitutional objection to a statute not raised or considered in the Court below will not be considered on appeal.

Before PRINCE, J., Columbia, February, 1914. Modified.

Action by Mary Etta Cathcart Clark and others against the Southern Express Company. From a judgment for plaintiffs, defendant appeals.

The case was heard upon the following agreed statement of facts:

The plaintiff is a resident of the city of Columbia, State of South Carolina. The defendant is a corporation organized and existing under and by virtue of the laws of the State of Georgia, and is engaged in the business of a common carrier of express matter, for hire, between points within the State of South Carolina, and also between points

in said State and points in other States and the District of Columbia.

· That on or about the 21st day of October, 1912, there was shipped from New York city, in the State of New York, to the plaintiff, at Columbia, S. C., by the Adams Express Company, a common carrier, for hire, of express matter between points in the State of New York and points in other States and the District of Columbia, one thermos bottle, of the value of five ($5.00) dollars.

That said Adams Express Company transported said bottle to the city of Washington, D. C., and there delivered the same to the defendant herein, to be by it transported to the city of Columbia, S. C., and there delivered to the plaintiff herein.

That on the 24th day of October, 1912, the said bottle arrived in said city of Columbia, and was, on said date, delivered by the defendant to the plaintiff. That when said bottle was received by the plaintiff from the defendant, it was found to be so broken and damaged as to be wholly valueless.

That the place where said damages occurred is unknown to the parties hereto, nor is it known as to which of said carriers was in possession of said bottle at the time that same was damaged.

That on the 27th day of January, 1913, the plaintiffs duly filed her claim with defendant's agent at Columbia, S. C., for the damage to said shipment, and that, said claim not having been paid by defendant, this action was commenced by plaintiffs on the 13th day of March, 1913, to recover the value of said bottle and a penalty of $50.00.

The magistrate gave judgment in favor of said plaintiffs and against said defendant for the sum of five ($5.00) dollars, the value of said thermos bottle, and fifty ($50.00) dollars, the penalty provided in section 2573 of volume I,

Code of Laws of South Carolina for 1912, this judgment being affirmed by the Circuit Court.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, submit: *Sections 2573 and 2572 of volume I, Code of Laws of South Carolina for 1912, are unconstitutional as applied to interstate shipments, because they attempt to regulate interstate commerce and constitute a direct burden upon said commerce, and because Congress, by the act of June 29th, 1906, has exerted its exclusive right to regulate the same subject matter,* and cite: 163 U. S. 299; 217 U. S. 524; 158 U. S. 98; 222 U. S. 424; 79 S. E. 311; 219 U. S. 186. *Sec. 2572 construed in* 78 S. C. 81; 87 S. C. 206; 88 S. C. 310. *Presumption at common law:* 66 S. C. 477. *Constitutionality of Georgia statute:* 196 U. S. 194; note 31 L. R. A. (N. S.) 102. *Rights prior to statute:* 78 S. C. 49. *Presumption as to place of loss is not applicable to interstate shipments:* 131 S. W. 1187, 1188. *Cases reviewed:* 216 U. S. 122; 79 S. E. 310; 79 S. C. 700; 222 U. S. 424; 169 U. S. 133; 18 Sup. Ct. Rep. 29; 226 U. S. 491; 61 So. 194, 197.

*Messrs. Logan & Edmunds* and *C. T. Graydon,* for respondent.

May 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The question presented by this appeal is foreclosed by the decision of this Court in the case of *Varnville Furniture Co.* v. *Railway,* 98 S. C. 63, 79 S. E. 700.

Appellant asked leave to amend its exception by adding thereto a ground which was not taken in the Courts below. If the exception had been taken in due time, this Court would not have considered the additional ground upon which the constitutionality of the

statute is sought to be assailed, because it is well settled by numerous decisions that this Court will not consider any point raised by an exception, unless it appears in the record that it was presented to, or considered by, the Court below.

Judgment affirmed. Let the remittitur be stayed for 30 days to enable appellant to apply for a writ of error.

Thereafter, during the period the remittitur was stayed, a petition for rehearing was filed, and the decision of the United States Supreme Court in *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.,* 237 U. S. 597, 35 Sup. Ct. 715, 100 S. C. 229a, was filed.

The petition for rehearing being considered, the Court filed the following order, July 8, 1915:

PER CURIAM. Upon consideration of the within petition, it is ordered that the judgment of this Court heretofore filed affirming the judgment of the Circuit Court be modified, and that the judgment of the Circuit Court be reversed, unless the plaintiff shall, within 20 days after notice of the filing of the remittitur herein, remit so much of the judgment as includes the penalty recovered, and, upon such remittitur being entered, that the judgment of the Circuit Court be affirmed.