14157

STATE v. GOWAN

(182 S. E., 159)

*Messrs. Sam J. Nicholls, Donald Russell* and *C. Granville Wyche,* for appellant,

*Messrs. J. G. Leatherwood, Solicitor, T. A. Wofford* and *D. B. Leatherwood, Assistant Solicitors,* for respondent,

November 4, 1935.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

At the March, 1934, term of the Court of General Sessions for Greenville County, the grand jury returned an indictment against the appellant Walter Gowan, and Milton Floyd and Dacre Walden, charging them with the murder of Ibra Burns. The indictment alleged that the mortal wound was inflicted upon the deceased in the County of Greenville on January 21, 1934, and as a result of said mortal wound he "did then and there die."

On October 30, 1934, at the regular term of the Court of General Sessions, the appellant, Walter Gowan, and Milton Floyd were duly arraigned; Dacre Walden having in the

meantime died. The defendants entered a plea of not guilty.
A jury was duly impaneled and sworn, and the trial of the
case entered upon. The State offered as its first witness, Dr.
A. J. Jervey, of Tryon, N. C., and during the course of his
testimony it developed that the deceased actually died in
Tryon, N. C., although the indictment alleged that the de-
fendant gave to the deceased a mortal wound in Greenville
County, as the result of which he "did then and there die."

The solicitor immediately called to the attention of the
presiding Judge, Hon. Wm. H. Grimball, the fact that there
was a variance in the allegations of the indictment and the
proof adduced as to the place of death. A colloquy thereupon
ensued between the trial Judge, the solicitor, and the at-
torneys for the appellant, in which the solicitor stated that
he wished to proceed regularly and expressed his opinion
that if the trial proceeded to a conclusion, and the attorneys
for the appellant failed to make a motion with reference to
the variance, they would thereby waive it; and the solicitor
concluded by announcing that the State was ready to go on
with the trial. Whereupon the attorneys for the appellant
moved the Court to direct a verdict of not guilty in favor
of the defendants, first, on the ground that there was not
sufficient evidence to sustain the charge in the indictment;
and, second, upon the further ground that there was a vari-
ance in the proof and the charge in the indictment. The so-
licitor objected to the making of the first motion at that stage
of the trial, but indicated that he would not oppose the grant-
ing of the motion made on the ground of material variance,
and stated that if the latter motion were granted he would
hand out another indictment. The trial Judge thereupon
granted the motion of the defense on their second ground,
and directed a verdict, to be indorsed on the indictment, in
these words, "Not guilty by direction of the Court," which
verdict was signed by the foreman of the jury.

Immediately upon the publication of the verdict of the
jury the solicitor handed out another indictment against

the appellant, Walter Gowan, and Milton Floyd, which is identical with the first indictment, except that in the second indictment it was charged that: "Ibra Burns did, on the same day, and in the Town of Tryon, County of Polk, and State of North Carolina, die."

The defendants were again arrested, admitted to bail, and the case was continued until the next term of Court.

On the 18th day of March, 1935, the case was called for trial upon the second indictment. A *nolle prosequi* was entered by the solicitor as to the defendant Milton Floyd, and the trial of the case proceeded against the appellant, Walter Gowan, as the sole defendant. Upon being arraigned on the second indictment, the appellant interposed a plea of former jeopardy, and also a plea of *autrefois acquit,* as a bar to the prosecution. To sustain these two pleas the appellant offered in evidence the first indictment and the verdict of the jury thereon, together with the record of the first trial. After hearing arguments by counsel, his Honor, Judge C. C. Featherstone, the trial Judge, overruled both the plea of former jeopardy and the plea of *autrefois acquit.* The appellant then entered a plea of not guilty. A jury was then impaneled and sworn, and the case proceeded to trial, resulting in a verdict of manslaughter. Exceptions were duly noted to the order of the presiding Judge overruling the plea of former jeopardy and the plea of *autrefois acquit.* No motion was made either for a directed verdict or for a new trial.

The appellant has appealed to this Court upon three exceptions, with various subheads, but classified by him as follows:

"(1) Did the Court err in overruling appellant's plea of former jeopardy? (Exception I.)

"(2) Did the Court err in overruling appellant's plea of *autrefois acquit?* (Exception II.)

"(3) Did the Court err in refusing to charge appellant's fifteenth request to charge? (Exception III.)"

We now consider the first question made.

It is the contention of the appellant under this exception, in order to sustain his plea of former jeopardy, that the record shows that he had been placed upon trial upon a valid indictment, before a Court of competent jurisdiction, after he was arraigned and pleaded to the indictment, and a competent jury had been impaneled and sworn; and that he was entitled to a verdict of not guilty under the first indictment for lack of evidence; and, further, that the Court could not deprive him of the plea of former jeopardy by ordering a verdict of not guilty upon the ground of variance only.

We are unable to agree with the contention of the appellant that he was placed in jeopardy upon the first trial of this case. It is obviously clear from the record that his motion for a directed verdict, made upon the ground that there was a lack of evidence to sustain the charge in the indictment, was prematurely made. This motion was evidently predicated upon the theory that the State had closed its evidence in chief. It could have been made upon no other theory. The solicitor made no motion, but distinctly and specifically stated, as appears from the record, that he desired to proceed with the trial, and expressed his belief that if the appellant's counsel made no motion for an acquittal on the ground of variance, they would be deemed in his opinion to have waived any objection to the indictment.

There is no suggestion that the State's case was closed at the time the motion was made, and the only reasonable conclusion to draw from the colloquy which took place between the Court, the solicitor, and appellant's attorneys is that the solicitor intended to proceed with the trial of the case and the introduction of evidence. Under this state of facts we are satisfied that appellant's motion for a directed verdict on the ground of lack of evidence was prematurely made, as stated. This being true it could not have been held that he was in jeopardy. The trial Judge committed no re-

versible error in refusing to direct a verdict of not guilty for lack of evidence under the circumstances related.

Also, under this question (Exception I), the appellant assails Section 998 of the 1932 Code as being ·unconstitutional, in that it violates Article 1, Section 17 of the Constitution of South Carolina 1895, which provides that: "No person shall * * * be subject for the same offense to be twice put in jeopardy of life or liberty."

The language of Section 998 above referred to is as follows: "If a person, on his trial, be acquitted upon the ground of a variance between the indictment and the proof, or upon an exception to the form or substance of the indictment, he may ·be arraigned again on a new indictment, and tried and convicted for the same offense, notwithstanding such former acquittal."

The Court is precluded from passing upon this ground of appeal and from considering the interesting and able argument of appellant's counsel on this phase of the case, because this constitutional objection was not raised nor passed upon in the trial Court. It is well settled by numerous decisions that this Court will not consider any point raised by an exception unless it appears in the record that it was presented to or considered by the Court below. *Bushardt v. United Investment Company,* 121 S. C., 324, 113 S. E., 637, 35 A. L. R., 637; *Clark et al. v. Southern Exp. Company,* 101 S. C., 299, 85 S. E., 720, and other cases too numérous to cite.

We next consider, did the Court err in overruling appellant's plea of *autrefois acquit?*

The trial Judge granted the motion made by appellant in the first trial upon the ground of variance, and this ruling must unquestionably be referred to Section 998 of the Code, which as long as it remains the law furnishes lawful authority for his action.

In *State v. Platt,* 154 S. C., 1, 151 S. E., 206, 213, the indictment alleged that the death of the deceased occurred in

Marion County, in which county the assault had been made. The proof showed that the death occurred in another county, and it was held by this Court that there was a fatal variance between the proof and the allegation of the indictment; and further held that the defendant's motion made on the ground of variance for a directed verdict of not guilty should have been granted. Concluding, the Court stated:

"The holdings we have made, however, do not mean that the appellant is to be discharged from custody and allowed to go hence without day. Section 84 of the Code of Criminal Procedure [now Section 998, Code 1932] is as follows:

" 'If a person, on his trial, be acquitted upon the ground of a variance between the indictment and the proof, or upon an exception to the form or substance of the indictment, he may be arraigned again on a new indictment, and tried and convicted for the same offense, notwithstanding such former acquittal.'

"Under that section, it is proper for the appellant to be held subject to the further order of the Court of General Sessions for Marion County."

In *State v. Platt, supra,* it was held that it is absolutely essential in an indictment like the one here that the place of death of the person killed should be alleged therein, and that in the absence of such allegation such indictment is fatally defective; and such defective indictment is beyond the reach of amendment. To hold otherwise would jeopardize the accused upon an indictment not found by the grand jury, and in violation of his constitutional rights. The record shows that it was in response to the holding in the case of *State v. Platt, supra,* that the solicitor in the instant case prepared a new indictment against the defendants and resubmitted it to the grand jury.

We think the trial Judge committed no error in overruling the plea of *autrefois acquit.* In adopting this course we think his action was clearly warranted by Section 998 of the Code.

The third and last ground of appeal is based upon the refusal of the trial Judge to charge the following request to charge: "Not until the year 1866 (13 Stat., 378) was the defendant allowed to testify in his own behalf in a criminal case at all, but under a statute now in force (Section 97, Crim. Code 1922 [now Code 1932, § 1011]) it is provided that 'the defendant shall be allowed to testify' (if he desires to do so, but not otherwise) as to the facts and circumstances of the same, but when he becomes a witness in his own behalf, he is subject to the usual duties, liabilities and limitations of ordinary witnesses *(State v. Robertson, 26 S. C., 117, 1 S. E., 443, State v. Knox, 98 S. C., 114, 117, 82 S. E., 278)*, and the defendant in this case having become a witness in his behalf there is a *prima facie* presumption of fact that he has told the jury the truth concerning the facts and circumstances of the killing, the strength or weakness of which depends upon the circumstances, for example, the character of the witness, his opportunity of knowing the facts, his interest in the event, his bias or prejudice, and other facts and circumstances which may, in the judgment of the jury, be deemed sufficient to strengthen, weaken, or rebut the presumption."

The first part of this request contains merely an abstract statement of the law, irrelevant and unresponsive to any issue made by the testimony in this case. It is the duty of trial Judges to charge only those principles of law which are applicable to the issues made at the trial, and which have some substantial relation thereto. A charge which is abstract and not applicable to the evidence is properly refused. The right of the defendant in the case at bar to become a witness and to testify in his own behalf was not in dispute, and the exercise of this right could not be questioned.

The latter part of this request to charge is in direct conflict with the general rule, which is aptly expressed in 16 Corpus Juris, § 2479, at page 1039,

which in part reads as follows: "An instruction is erroneous which singles out and gives undue prominence to the credibility or to the weight and effect of the testimony of defendant. * * * "

The following cases from our reports are in full harmony with the above-quoted rule: *State v. Johnson,* 85 S. C., 265, 67 S. E., 453; *State v. Driggers,* 84 S. C., 526, 66 S. E., 1042, 137 Am. St. Rep., 855, 19 Ann. Cas., 1166; *State v. Thrailkill,* 71 S. C., 136, 50 S. E., 551.

Generally speaking, any instruction is erroneous which unduly emphasizes the right of the jury to pass upon the weight and effect of the testimony of any particular witness, whether it be the defendant, or any other witness. The jury is charged with the grave responsibility of considering and passing upon the credibility of all witnesses alike, and it would be contrary to the due administration of the law, and inimical to a fair and impartial trial, to give overprominence to any portion of the testimony.

The appellant suffered no prejudice in the Judge's proper refusal to charge this request. It was substantially covered in another portion of his instructions to the jury, where he charged: "You are the sole judges of the facts, Mr. Foreman and Gentlemen of the Jury; it is for you to say what weight you will give to the testimony of any witness or witnesses."

The charge of the trial Judge as a whole was exceptionally clear and able, and accorded to the defendant and to the State a full, clear, and impartial exposition of all the law that was applicable to the case.

We find no error. All exceptions have been considered, and are overruled. It is the judgment of this Court that the judgment of the Circuit Court be, and the same hereby is, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.