22929

The STATE, Respondent v. Edward S. CAMPBELL, Appellant.
(374 S. E. (2d) 668)

Supreme Court

*James D. Jefferies*, Greenwood (Now deceased), *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard Sept. 19, 1988.

---

Decided Dec. 5, 1988.

TOAL, Justice:

Appellant was convicted of distribution of cocaine. He was sentenced to a fifteen year term of imprisonment, suspended upon the service of six years and five years probation. He asserts that the trial judge improperly commented on the evidence and testimony. We agree and reverse.

The testimony reflects that on September 12, 1986, Campbell sold 11.08 grains of cocaine to an undercover agent and a confidential informant for the Greenwood County Sheriff's Department. Campbell offered entrapment as a defense. Since there will be a new trial for reasons hereafter discussed, we refrain from commenting on the evidence in any detail.

Through this appeal, Campbell argues that he is entitled to a new trial because of improper and prejudicial comments by the trial judge.

During the trial, the trial judge repeatedly injected his opinion by making unsolicited comments to the defense counsel, both in and out of the presence of the jury.

During defense counsel's cross-examination of Lt. McAllister, the supervisor of the undercover drug operation, counsel questioned the witness about the moral character of and relationship between the undercover agent and confidential informant. The trial judge interrupted the cross-examination with comments which implied that there was a lesser relationship between the agent and the informant thereby implying that it was less likely that the agent's moral character was affected by the informant's bad character.

Later in the cross-examination of Lt. McAllister, the trial judge interrupted the examination and made the following comment to defense counsel:

> "THE COURT: I know you don't want to call me as a witness, because you'll find out what will happen then."

This statement clearly reflects the judge's opinion as to Campbell's case and amounts as a direct attack upon Campbell's defense.

Article V, § 21 of the South Carolina Constitution pro-

vides: "Judges shall not charge juries in respect to matters of fact, but shall declare the law." The basis of this constitutional provision is founded upon the concept of our system of justice that every person charged with a crime has the right to a fair and impartial trial and that such a trial may only be achieved with the neutrality of the trial judge. "It is elementary that in the course of the trial of a criminal case, the trial judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, as to the controverted facts." *State v. Kennedy*, 272 S. C. 231, 250 S. E. (2d) 338 (1978); *State v. Pruitt*, 187 S. C. 58, 196 S. E. 371 (1938); South Carolina Constitution, Art. 5, Sec. 17.

The reasoning for such prohibition was recognized in *Crenshaw v. Southern Railway Company*, 214 S. C. 553, 53 S. E. (2d) 789 (1949). Such prohibition exists because of the ease with which a judge may, even unintentionally, influence a jury:

> "It has long been recognized that even a slight remark, apparently innocent in its language, may, when uttered by the court, have a decided weight in shaping the opinion of the jury. Vested as the trial judge is, with superior authority, disinterested, and possessing experience not available to the ordinary layman, jurors, as a rule, are anxious to catch his view, upon which to found this conclusions."

*Crenshaw*, 214 S. C. at 560, 53 S. E. (2d) at 791-2, *citing Pruitt, supra.*

In our view, the trial judge's interruptions and comments were improper and prejudicial to the appellant. The judge's remarks concerning the difference between a brother-in-law and ex-brother-in-law discounted the fact that there was evidence of some type of relationship between the agent and informant. When the judge stated that defense counsel did not want to put the judge on the stand, the judge made it clear to the jury that he felt that Campbell was guilty of the charges.

By making these remarks, the trial judge injected his opinion as to the weight of the evidence against Campbell's

interests. Such remarks are improper. We are convinced these errors were prejudicial and the judgment of conviction should be reversed and a new trial granted. The remaining exceptions raised on appeal are dismissed pursuant to Rule 23.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.