## 23121

The STATE, Respondent v. Tim HAWKINS, Appellant.

(387 S. E. (2d) 251)

Supreme Court

*Eddie R. Harbin*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M.
Coombs, Jr.*, Columbia, and *Sol. Joseph J. Watson*, Green-
ville, *for respondent.*

Heard Oct. 31, 1989.

Decided Dec. 11, 1989.

*Per Curiam:*

Appellant, Tim Hawkins (Hawkins) was convicted of indecent exposure and sentenced to ten years, suspended upon service of one year and five years probation. We reverse.

It is clear from the record that improper and prejudicial comments of the trial judge mandate a new trial.

The improprieties here so closely parallel those condemned by this Court in *State v. Campbell*, 297 S. C. 24, 374 S. E. (2d) 668 (1988), that no recitation is required. *See also* our recent opinion in *State v. Ates*, 297 S. C. 316, 377 S. E. (2d) 98 (1989).

Again, we caution trial courts that the sitting judge must conduct all adversarial proceedings with fairness and impartiality. The wide discretion accorded presiding judges, embedded in the law of South Carolina, is essential to the orderly administration of justice.

When, however, this discretion is exercised with abuse, to the prejudice of a party-litigant, as here, the result is legal error requiring a new trial.

Reversed and remanded.