**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffrey Herrmann, Appellant.

Appellate Case No. 2010-153226

———————————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-159
Heard April 2, 2013 – Filed April 17, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

———————————

**PER CURIAM:** This appeal arises out of Appellant Jeffrey Herrmann's conviction for murder. On appeal, Herrmann argues the trial court erred by: (1) refusing to instruct the jury that the testimony of an informer who provides evidence against the defendant for expected gain, the hope of reward, or for personal advantage or vindication must be examined and weighed by the jury with greater care than the testimony of an ordinary witness; and (2) refusing to reconsider the forty-five year sentence imposed when, at sentencing, Herrmann failed to fully argue mitigation facts in support of a sentence of thirty years. We find no error of law in the trial court's decision, nor do we find any prejudice; therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Williams*, 367 S.C. 192, 195, 624 S.E.2d 443, 445 (Ct. App. 2005) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) (noting in order "to warrant reversal, a trial judge's refusal to give a requested [jury] charge must be both erroneous and prejudicial" to the defendant); *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Campbell*, 297 S.C. 24, 26, 374 S.E.2d 668, 669 (1988) ("It is elementary that in the course of the trial of a criminal case, the trial judge must refrain from all comment which tends to indicate his opinion as to the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the accused, as to the controverted facts."); *State v. Gowan*, 178 S.C. 78, 86, 182 S.E. 159, 162 (1935) ("Generally speaking, any instruction is erroneous which unduly emphasizes the right of the jury to pass upon the weight and effect of the testimony of any particular witness, whether it be the defendant, or any other witness."); S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Benning*, 338 S.C. 59, 64, 524 S.E.2d 852, 856 (Ct. App. 1999) (stating this court "will not disturb a sentence, provided it is within the limits permitted by law, unless the trial judge sentenced the defendant as a result of partiality, prejudice, oppression, or corrupt motive"); *Jones v. State*, 332 S.C. 329, 339, 504 S.E.2d 822, 827 (1998) (noting when the initial presentation of mitigation evidence does not render the desired result, the defendant does not get a second chance).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**