Cook, J.,
delivered the opinion of the Court.
Cromwell.brought an action on the case, against Bird, in the Circuit Court, for negligence in transporting a quantity of coffee, shipped by the plaintiff, on board the defendant’s barge, from New Orleans to St. Louis, whereby the same got wet, and was damaged. On the general issue, the plaintiff gave in evidence, a till of lading, signed by the defendant, whereby he ackhowledged to have received on board his said barge, a quantity of coffee and other articles, to be by him delivered at St. Louis, in good condition, a the dangers of the river only exceptedhe also proved, that on the delivery of the coffee at St. Louis, a proportion of it was spoiled by having been wet. The defendant proved, that in ascending the river, the bow of the barge struck a snag about a foot below the surface of the water; that the barge was got to shore in twelve or thirteen minutes after she received the injury, and had taken in about four inches of water $ that, for the purpose of repairing the barge, her bow was raised, whereby the water she contained was thrown into the stern, where the plaintiff’s property was deposited. None of the plaintiff’s goods were taken out of the barge, but the hands were employed in bailing and pumping the water out of her; and that she was repaired, and proceeded on her voyage in about twenty-four hours after she received the injury. It was also proved, that the weather continued cloudy and hazy about four days after the said injury was received, although it did not rain. The Court then instructed the jury, that after the plain *59 tiff’s coffee had become wet, it was the duty of the defendant, as bailee, to have used all means in Iiis power to dry it. The defendant’s counsel then moved the Court to instruct the jury, that the defendant was not hound to break open the barrels, in order to dry the plaintiff’s coffee; but the Court refused so to instruct them. To which instruction, and refusal to instruct, the defendant’s counsel excepted. And it is insisted by the plaintiff in error, first, that the Court erred in the instruction given to the jury 5 and, second, in refusing to give the instruction prayed. These two points involve hut one question: Is the defendant liable for neglecting, or failing to make any exertion to dry the coffee, after it had become wet by accident, as stated in the bill of exceptions? The negative of this proposition would go the full length of discharging the bailee from liability, if on the happening of any accident, the consequence of which might be the destruction of the property, he should abandon it without making the least effort to avert such consequence ; as if, in a tempest which threatened destruction to the vessel, the master should make no exertion, whatever, to save her. On the contrary, it is conceived to be the duty of the bailee to continue his exertions to prevent damage, so long, as they may probably avail, in all cases, whether the character of the accident be such as, in the event of inevitable loss, would discharge him or not. The jury, in this case, were properly instructed by the Circuit Court, that it was the duty of the defendant to use all means in his power to dry the plaintiff’s coffee, and whether he did so or not, was a question for them to decide. It is contended, that the instruction prayed, ought to have been given to the jury, because, if the defendant had opened the barrels for the purpose of drying the coffee, he would have been liable in trover; and 1 Bac. air. 374, and 1 Ckitty’s plead. 154, are cited in support of the position, where it is said, that if a carrier draw out part of the contents of a vessel, and fill it with water, or break open a box, containing goods, or sell them, it is a conversion. These authorities apply to such acts of the bailee as are wanton or dishonest, and - not to such as are done in good faith, for the preservation of the goods; for it would be inconsistent and unreasonable to require the bailee to use ordinary diligence to keep and preserve the goods from injury, and, at the same time, make him liable for doing an act necessary for their preservation. It is true, the defendant was under no legal obligation to open the barrels for any purpose, but if, by that means, the injury might probably have been prevented, and he neglected to do it, he is liable for such neglect, and in this sense, the Circuit Court seems to have understood the prayer for instruction.
The judgment must, therefore, be affirmed with costs.