HARRIETTE K. BULLOCK *vs.* HAVERHILL AND BOSTON
DISPATCH COMPANY.

Essex.    November 3, 1904. — November 23, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Carrier. Evidence*, Presumptions and burden of proof. *Practice, Civil*, Agreed statement of facts.

There is a presumption of fact that a loss of articles from a package transported by express occurred in the hands of the last of two successive carriers.

Where a case is submitted on an agreed statement of facts with the power to draw inferences, a finding of the court below on a matter of fact is conclusive unless the facts agreed show it to be erroneous as a matter of law.

CONTRACT OR TORT against an express company as a common carrier of goods, for the alleged loss of a pair of gold sleeve buttons and a silver brush and comb from a dress suit case delivered by the plaintiff to the Chase Express Company of Brookline at Brookline for delivery at the plaintiff's residence at Haverhill through the defendant, and alleged to have been delivered by the first named express company to the defendant in good order and condition. Writ dated November 16, 1903.

In the Superior Court the case was heard by *DeCourcy,* J., without a jury, upon an agreed statement of facts, which terminated with an agreement " that the court may draw such inferences from the facts herein stated as it may deem proper."

The judge found for the plaintiff in the sum of $30, with interest from the date of the writ.

*C. H. Poor & E. B. Fuller,* for the defendant.

*J. H. Pearl,* for the plaintiff.

LATHROP, J. We find nothing in the facts of this case which distinguishes it from *Moore* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 335, and *Cote* v. *New York, New Haven, & Hartford Railroad,* 182 Mass. 290. There was a presumption of fact that the injury sued for was caused by the last carrier. While the case was submitted to the court below on agreed facts, it was agreed that the court might draw inferences. The finding of that court in favor of the plaintiff was on a matter of fact which we cannot change, unless the facts agreed show, as matter of law, that the last carrier has exonerated itself from liability. We cannot say that they so show.

*Judgment for the plaintiff affirmed.*