## LIABILITY FOR GOODS DAMAGED IN TRANSIT.

Common Pleas Court of Hamilton County.

BARRON, BOYLE & CO. v. C., C., C. & ST. L. RY. CO.*

Decided, 1908.

*Carriers—Goods Damaged in Transit—Presumption that Damage Occurred on the Line of the Last Carrier, When.*

Where window glass has passed over the lines of several connecting carriers, the fact that a preceding carrier has among its records a memorandum to the effect that some of the boxes rattled as they were being loaded is not sufficient to overcome the presumption that the breakage complained of by the consignee occurred on the line of the last carrier, when it appears that the last carrier gave a receipt for the good condition of the shipment and no change was made in the handling of the glass after the discovery that some of the boxes rattled.

*C. L. Hopping,* for plaintiff.
*George Hoadly,* contra.

HUNT, J.

There is an agreed statement of the facts in this case, except as the damage or breakage of the goods in the hands of other

---

*Affirmed by the Circuit Court; reported, *C., C., C. & St. L. Railway* v. *Barron, Boyle & Co.,* 11 C. C.—N. S., 602; Circuit Court affirmed by the Supreme Court without report, 80 Ohio State.

carriers than defendant might be established by the depositions taken in Boston and by the agreement contained in paragraph five of the agreed statement of facts, i. e., "that the defendant received the shipments in question in sealed cars at Cleveland, Ohio, from the Lake Shore & Michigan Southern Railway; that the defendant carried the same from Cleveland to Cincinnati in said sealed cars; that said cars were not opened and the contents thereof examined while in the possession of the defendant before the same arrived at Cincinnati; that said cars were handled by the defendant in the usual manner in which freight cars are handled and suffered no accident nor any rough handling beyond what is usual in the ordinary handling of freight cars in railway service."

The essential facts as shown by said agreed statement of facts and depositions are as follows: A quantity of window glass was shipped from Antwerp consigned to the plaintiff under a bill of lading by which the ocean carrier receiving it, agreed to carry it to Boston and there deliver it to the American Express Company, which company was to forward it in bond to the plaintiff at Cincinnati. The glass was transported to Boston and was there delivered to the American Express Company and by the American Express Company was delivered to the Boston and Maine Railway. The company, over its own and connecting lines, transported the glass and delivered it to the defendant company at Cleveland, from which place the defendant company brought the glass to Cincinnati. The glass at the wharf in Boston was placed in sealed cars in bond and such cars in bond were brought through to Cincinnati without being opened. On arrival at Cincinnati the cars were opened and considerab'e glass found to be broken. The value of the broken glass is agreed upon. All the different connecting carriers, including the defendant, receipted for the glass in apparent good order and there is no evidence where the breakage occurred, except that in the deposition taken in Boston it is shown that some of the boxes containing the glass rattled, but the evidence does not show what specific boxes rattled. This rattling was discovered when the boxes were being loaded in the cars. No attention was paid to

such rattling by the receiving or any carrier, except that the carrier at Boston has among its records memoranda made at the time that a certain number of boxes rattled as they were being loaded. Such rattling did not prevent the receiving carrier at Boston from giving a receipt for the goods in apparent good order. The bill of lading and the receipts given by the different carriers show that the boxes contained window glass. It is expressly agreed by the parties hereto that the sealed cars containing the glass were handlel by the defendant company in the usual manner in which freight cars are handled and suffered no accident or any rough handling beyond what was usual in the ordinary handling of freight cars in railway service. There is, however, no evidence or claim or agreement that the cars were handled in any different or more careful manner than cars containing unbreakable goods.

Plaintiff suggests without argument that the bill of lading given at Antwerp is not a through bill of lading; but whether this was so, or not, does not seem to be material, as between Boston and Cincinnati, the rule as to connecting carriers applies.

The receipts for the glass at Boston and by all the connecting carriers in apparent good order while capable of explanation are not contradicted by the mere fact that the contents of some of the boxes rattled as they were being loaded in cars, with no evidence of anything definite being indicated by such rattling, or that the boxes received any different handling by reason of such rattling, or as to what sort of handling the cars received between Boston and Cleveland or that the cars between Cleveland and Cincinnati were handled as containing breakage goods.

The degree of care necessary depends on the known condition and character of the freight. *Morganton Mfg. Co.* v. *Railway,* 121 N. C., 514; *Gulf, C. & S. T. Ry.* v. *Edloff,* 89 Tex., 454; *Chouteaux* v. *Leech,* 18 Pa. St., 224; *Bird* v. *Cromwell,* 1 Mo., 81.

It is true that the law frequently is applied according to probabilities of fact, but where there is a presumption of law as to definite facts, while a preponderance of the evidence may not be necessary to rebut such presumption, there must be evidence to the contrary at least equally definite.

The receiving carrier at Boston treated the rattling of the boxes containing the goods as unimportant both as to receipt and care, and as indicating nothing definite or conclusive as to the condition of their contents, and the court, in the absence of any definite testimony to the contrary, following the example set by the carriers, must now so consider it.

It, therefore, only becomes necessary to apply the rule of liability applicable to connecting carriers. Such rule as admitted by the defendant is, that when goods are shipped in apparent good order, the last carrier is liable for any damage which said goods may have suffered prior to the delivery by the last carrier, unless it can rebut the legal presumption of fact that it did the damage. *Moore* v. *Railway*, 173 Mass., 335 (73 Am. St. Rep., 298); *Bullock* v. *Despatch Co.*, 187 Mass., 91; *St. Louis S. W. Ry.* v. *Birdwell*, 72 Ark., 502; *Gwyn Harper Mfg. Co.* v. *Railway*, 128 N. C., 280 (83 Am. St. Rep., 675); *Morganton Mfg. Co.* v. *Railway, supra; Gulf, C. & S. F. Ry.* v. *Cushney*, 95 Tex., 309; *Burwell* v. *Railway*, 94 N. C., 451.

It follows, therefore, that as the defendant company has not rebutted the presumption that it did the damage, it is liable therefor, and judgment will be entered for plaintiff.