ABRAHAM LYON & others *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    September 27, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Carrier,* Of goods: connecting carriers, interstate commerce, icing. *Evidence,* Presumptions and burden of proof.

Although, when goods are shipped over connecting lines and arrive at their destination in a damaged condition, there is a presumption of fact that the damage was caused by the last carrier, that presumption may be rebutted, and the terminal carrier may show that the damage occurred on the line of a connecting carrier, that the goods when received by the terminal carrier already were in a damaged condition, and that it was not at fault; and in such case the burden is upon the terminal carrier to show such facts as would relieve it of liability.

An action against a terminal carrier for damage by reason of failure properly to ice pickled herring shipped via several railroads from Seattle in the State of Washington to Boston was referred to an auditor, who found that the damage was caused by negligence of a carrier preceding the defendant and that nothing could have been done by the defendant to remedy the damage when it received the shipment; and the action afterwards was tried upon the auditor's report as the only evidence. A motion for judgment in favor of the plaintiff was denied. *Held,* that the motion properly was denied, the defendant having sustained the burden of proving that the damage did not arise through its fault.

CONTRACT OR TORT for damage to a carload of pickled herring shipped from Seattle in the State of Washington to Boston via the Northern Pacific Railroad, the Canadian Pacific Railroad and the Boston and Maine Railroad.    Writ dated August 22, 1923.

In the Superior Court, the action was referred to an auditor. Material facts found by the auditor are stated in the opinion. The action was tried before *McLaughlin, J.,* the auditor's report being the only evidence. Each party filed a motion for judgment. The judge ruled that the plaintiff was not entitled to recover and reported the action to this court for determination.

*G. R. Stobbs, H. H. Hartwell, & L. E. Stockwell,* for the plaintiffs, submitted a brief.

*C. M. Thayer,* for the defendant.

CARROLL, J. This action of contract is to recover for damages to a carload of herring.

The auditor found that the plaintiffs purchased three hundred and sixty-five half barrels of pickled herring at Seattle, Washington; that these were placed in a car of the Northern Pacific Railroad Company consigned by the seller to his own order at Boston, and the bill of lading in standard form sent to the plaintiffs; that the route was via the Northern Pacific Railroad, the Canadian Pacific Railroad and the Boston and Maine Railroad; that one of the conditions of the bill of lading was to "Re-ice at all regular icing stations, using 5 per cent salt"; that the car containing the herring left Seattle, August 16, 1922, and arrived in Boston on August 30, 1922. It was further found that there were fourteen regular icing stations between Seattle and Boston; that when the fish arrived in Boston it was spoiled and not in merchantable condition; that when shipped from Seattle the fish was in good merchantable condition and if the car bunkers had been kept at least one half full of ice during the entire trip it would not have been spoiled; that at the regular icing stations of the Northern Pacific Railroad the car was properly iced, the last icing station on that railroad being at Auburn, Washington, where 4,000 pounds of ice and 200 pounds of salt were added; that the next regular icing station was on the Canadian Pacific Railroad at North Bend, British Columbia, 224 miles from Auburn; that no icing was done at North Bend, and the first icing done by the Canadian Pacific Railroad was at Revelstoke on August 19, 1922, a distance of 250 miles from North Bend and 474 from Auburn;

that when the car arrived at Revelstoke the bunkers were only one third filled with ice; that at other icing stations of the Canadian Pacific Railroad after departing from Revelstoke the car was iced; that the first and only icing station on the route over the defendant's line was Newport, Vermont, where 3,000 pounds of ice and 150 pounds of salt were placed in the bunkers. The auditor further found that the herring was spoiled on the trip from Auburn to Revelstoke by reason of the failure of the Canadian Pacific Railroad to ice the car at North Bend, and that nothing could be done by the defendant at Newport when it received the car to remedy the condition; that proper icing was done at Newport and no further damage was done to the fish between Newport and Boston.

The plaintiffs seek to hold the defendant liable for the damage as the delivering carrier of the shipment. In the Superior Court the case was heard on the auditor's report; it was held that the plaintiffs could not recover, and the case was reported to the Supreme Judicial Court.

When goods are shipped over connecting lines and arrive at their destination in a damaged condition there is a presumption that the damage was caused by the last carrier. This is so under the Federal law, by which the rights of the parties are to be determined as the shipment was moving in interstate commerce. The same rule has been adopted in other jurisdictions. *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co.* 258 U. S. 369, 371, 372. *Northern Industrial Chemical Co.* v. *Director General of Railroads,* 249 Mass. 246, 254. But the presumption may be rebutted, and the terminal carrier may show that the damage occurred on the line of the connecting carrier, that the goods were received by it in a damaged condition and that it was not at fault, the burden being upon the defendant to show such facts as would relieve it of liability. *Cote* v. *New York, New Haven & Hartford Railroad,* 182 Mass. 290. *Bullock* v. *Haverhill & Boston Dispatch Co.* 187 Mass. 91. *Northern Industrial Chemical Co.* v. *Director General of Railroads, supra.* See *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275; *Shapiro* v. *Boston & Maine Railroad,* 213

Mass. 70. The presumption disappears when the facts are shown. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378. The Carmack and Cummins amendments have not deprived the delivering carrier of his common law remedies; they give to the shipper certain rights against the initial carrier. *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co., supra.* *Oregon-Washington Railroad & Navigation Co.* v. *McGinn*, 258 U. S. 409, 413. In *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co., supra,* where the Carmack amendment was considered and discussed, it was said at page 372: "A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them."

The auditor found that the defendant was not at fault. He made specific findings that the herring were spoiled on the trip from Auburn to Revelstoke by reason of the failure of the Canadian Pacific Railroad to ice the car at North Bend; that nothing could be done by the defendant at Newport when it "received the car" to remedy the condition; that the defendant properly iced the car; that no damage was done the shipment while on its line. On these findings of fact the defendant has sustained the burden of proof and was not liable. It was found by the auditor that the damage was not occasioned by the defendant; that the goods were delivered by the defendant in the condition in which they were received by it. It could be inferred that the damage occurred while the goods were in transit on the Canadian Pacific line and that no damage was caused by the defendant. See *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 301, 302.

On the facts proved and found by the auditor the judge was right in ruling that the plaintiffs could not recover. According to the report, judgment is to be entered for the defendant.

*So ordered.*