## Leo Lococo's Sons v. Louisville & N. R. Co.

(Decided May 7, 1935.)

300

THOMAS C. MAPOTHER and BURKE & LAWTON for appellant.

ASHBY M. WARREN, TRABUE, DOOLAN, HELM & HELM and JAMES P. HELM, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The suit is for damages caused by delay in transporting a car of bananas from New Orleans to Louisville in December, 1932. Upon a directed verdict judgment was rendered for the defendant, and the plaintiff, John L. Lococo, doing business as Leo Lococo's Sons, appeals, and insists that the evidence entitled him to a submission of the issues to the jury.

On December 19th the Fruit Dispatch Company, importer of fruit, shipped a car of green bananas from New Orleans consigned to itself at Montgomery, Ala. While it was en route or "rolling," it was sold to appellant, a wholesale fruit dealer in Louisville. After arrival of the car in Montgomery at 1:15 p. m. December 20th, it was reconsigned to the purchaser and left Montgomery at 1:20 a. m. December 21st, on the next available train. The car was delivered in Louisville at 10:20 a. m. December 23d. It was proven by the plaintiff that, had the fruit arrived in due course, it could and would have been ripened artificially by the application of heat, or a certain gas, and sold at a much higher market price than that for which it was sold; the market having materially fallen by the time the bananas were made ready for sale after the delayed delivery. While the evidence tends to show also that the plaintiff could have had the process of ripening begun in the car en route, and thereby made the fruit ready for market immediately after receipt in Louisville or before the price fell, and that there was no proximate loss, we are of the opinion that the evidence authorized a submission of this matter to the jury. The trial court rested its action upon the ground that the plaintiff failed to establish a cause of action by reason of the delay in transportation, so we look to that question.

There was no delay between New Orleans and Mont-

gomery, and the evidence does not show any unreasonable delay in starting the car on its journey out of Montgomery after the carrier received the reconsignment. The plaintiff proved that the schedule and the usual and customary time for shipment of fruit from Montgomery to Louisville in the ordinary course of transportation was 27 hours, and that this shipment took 57 hours, or more than twice as long.

In the matter of transportation, a carrier is not an insurer of promptness; it is required only to exercise ordinary diligence and transport the shipment with reasonable dispatch. This is a legal implication of the contract of shipment. As to what is reasonable dispatch depends in a measure upon the character of the commodity as perishable goods and live stock demand greater expedition than nonperishable and inanimate freight. It is regarded sufficient evidence of reasonable promptness to show what is the customary and usual time between the points involved under ordinary conditions and the circumstances of the particular case, and, while the carrier's schedule is not conclusive, it is an important consideration. Only negligence will render the carrier liable for unusual delay and its consequences, unless there is a valid contract for delivery within a specified time. When a litigant presents this proof and shows that his shipment was materially delayed beyond the usual time, together with evidence of proximate loss, he makes out a prima facie case. It then devolves on the carrier to explain and to show that the delay was not due to negligence on its part, but arose from some other cause. This burden is placed upon the carrier because the facts are peculiarly within its knowledge and are ordinarily unavailable to the shipper. Michie on Carriers, sec. 908; 4 R. C. L. 737-740; 10 C. J. 283-287, 301; Louisville & Cin. Packet Co. v. Bottorff, 77 S. W. 920, 25 Ky. Law Rep. 1324; Illinois Cent. R. Co. v. Holt, 92 S. W. 540, 29 Ky. Law Rep. 135; Adams Express Co. v. Burr Oak Jersey Farm, 182 Ky. 116, 206 S. W. 173; Louisville & N. R. Co. v. Crain, 189 Ky. 431, 224 S. W. 1063; Hines, Director General, v. Harris, 202 Ky. 75, 258 S. W. 930; McCord v. Louisville & N. R. Co., 206 Ky. 501, 267 S. W. 766; Maloney v. Cleveland, C., C. & St. L. Ry. Co., 207 Ky. 262, 268 S. W. 1103; Chesapeake & O. R. Co. v. Coleman Fruit Co., 219 Ky. 794, 294 S. W. 463.

The carrier is excused from the consequences of unusual or unreasonable delay in delivering the consignment in a safe and undamaged condition if it can justify the tardiness by showing that it was caused solely by the shipper or by an unavoidable accident or was due to such occurrences as could not have been anticipated in the exercise of reasonable prudence, diligence, or care. It is the legal implication of the contract that the shipper assumes those risks. Louisville & N. R. Co. v. Crain, supra; McCord v. Louisville & N. R. Co., supra; Adams Express Co. v. Burr Oak Jersey Farm, supra; 4 R. C. L. 741; Michie, sec. 908 et seq.; 10 C. J. 287, 290, 294.

The plaintiff having proved that it had taken 57 hours to transport his car of bananas from Montgomery to Louisville, and that 27 hours was the customary and usual time under ordinary conditions, he made out a prima facie case, requiring explanation or justification by the defendant. It undertook that burden and introduced the records pertaining to this shipment by the custodian, who was connected with the office of its superintendent of transportation in Louisville. Without objection, he testified that on the way the car left Decatur, Ala., at 11:30 a. m. December 21st, and, when the train was about 40 miles north, the front drawbar broke and the car was necessarily removed from the train. See Federal Safety Appliance Act, title 45, U. S. C. sec. 1 et seq. (45 USCA sec. 1 et seq.); Louisville & N. R. Co. v. Cecil, 145 Ky. 271, 140 S. W. 186; but in United States v. Erie R. Co., 237 U. S. 402, 35 S. Ct. 621, 59 L. Ed. 1019, it was held that chains are permissible for drawing cars containing perishable freight where there is a defect in a coupling. Continuing, the record showed that the car was attached to the end of the next southbound train and taken back to Decatur, the most convenient place, to be repaired, and reached there at 5:30 p. m., which was after the shops had closed for the day. The car was promptly repaired on special service order the next morning, and left for its destination on the next available train at 1:35 a. m. December 22d. However, when the train got above Nashville, the mechanical stoker of the locomotive broke or failed to function on account of a piece of metal dropping into it or in some way clogging its operation. It was necessary to procure another engine, and this was done in about 6 hours.

Thus the delay of 30 hours is shown to have been caused by these two breakdowns in equipment.

The issue is therefore narrowed to whether this should be regarded as a matter of law as a sufficient legal excuse with consequent exoneration from liability for the shipper's loss, if any proximately resulted.

It is argued by the appellant that the moving of the car south when it ought to have been going north and the use of defective equipment showed negligence; furthermore, that the repairs should have been more promptly made, particularly of the broken drawbar, for, if they had been, the car could have moved north on one of two trains which passed while it was in the shops. We think the evidence shows reasonable diligence in repairing the car, for a railroad company is not required to have facilities for making such repairs all along its line or to keep its shops in operation during the night for the repair of a freight car. But merely proving that the coupling pulled out and was diligently repaired, and that the engine broke down and was replaced within a reasonable time, is not sufficient to authorize the court to say as a matter of law there was no negligence but an unavoidable occurrence. It was the duty of the company to maintain its equipment in reasonably good working order. Results attributed to defective equipment do not excuse nonperformance of a carrier's duty to deliver a shipment at destination within the proper time. Michie, sec. 912; 10 C. J. 295. The company should have gone farther back and showed, if it could, that the defects were not known, and that, by the exercise of ordinary care in the inspection of its equipment and prudent and proper railroad management and operation, such defects, patent or latent, could not have been discovered, and the delay incident thereto thereby avoided. As stated in Adams Express Co. v. Hundley, 145 Ky. 7, 139 S. W. 1084, 1085:

"The rule is that when the car breaks it makes out a prima facie case of negligence against the carrier, and there is nothing in the record to overcome the presumption arising from the breaking of the car without any adequate cause."

It is true that the records showed that the car had been inspected at Decatur and the engine at the last terminal (not identified); and no defect was shown on

the records; but the character of inspections was not disclosed. It may have been a good inspection or a poor inspection. The fact of inspection of machinery does not negative negligence, for it may have been superficial, inefficient, or insufficient to detect defects. Adams Express Co. v. Hundley, supra. As stated in Vencill v. Quincy, etc., R. Co., 132 Mo. App. 722, 112 S. W. 1030:

"Where the injury to an engine which caused a delay in the transportation of plaintiff's cattle was due either to negligence of defendant's employees in making couplings or to a defective engine end sill, and there was no evidence that the engine had been properly inspected before it left defendant's division point, defendant was responsible for such delay, under the rule that only such causes as cannot be reasonably anticipated, controlled, or avoided by reasonable care will excuse a carrier's unusual delay."

See, also, Cleveland, etc., Ry. Co. v. Heath, 22 Ind. App. 47, 53 N. E. 198.

We are of opinion, therefore, that whether the delay was unreasonable, whether it was due to defendant's negligence, and whether damage was proximately caused thereby, should have been submitted to the jury.

The judgment is accordingly reversed.