Gadsby, J.
This is an action of contract or tort for delay in the transportation of a shipment of California Juice Grapes and for loss of market by reason of said delay against the defendant as receiving and/or delivering carrier of said shipment.
There was evidence tending to show that on or about September 8, 1941, there was delivered to the Southern Pacific Lines, as initial carriers, a carload of California Juice Grapes, at Lodi, in the State of California. This shipment *44 consisted of 1,175 boxes of grapes. The shipment was shipped by California Produce Company, consigned to itself and the destination was Chicago, in the State of Illinois. Under the terms of the Bill of Lading, the carrier undertook to transport said shipment with reasonable dispatch. Said car arrived in Chicago at 2:30 a. m., Chicago time, on September 15, 1941. At 1:52 p. m., Chicago time on said day, instructions were given to the carrier to have said car diverted to Boston to the plaintiff who acquired title to the shipment on September 14, 1941, and who was, therefore, entitled to delivery of said shipment. In order for said car to leave Chicago on September 15, 1941, it was necessary that the diversion order be received by the carrier before 1 p. m., on said day. In view of the fact that the order was not received until 1:52 p. m., it was impossible for said car to leave earlier than the morning of September 16, 1941, at which time said car did in fact leave Chicago. In the usual course of transportation said car was due in Boston for delivery to the plaintiff on the morning of September 19, 1941. However, the shipment did not arrive in Boston until the morning of September 20, 1941, approximately twenty-four hours after it was due in Boston. Subsequent to the departure from Chicago, the plaintiff had agreed to sell said shipment to Salvatore Silvestro, a dealer in juice grapes, at a price of One Dollar and Twenty Cents ($1.20) a box, for delivery in Boston, on the morning of September 19, 1941, in the usual course of business. A witness called for the plaintiff testified that One Dollar and Twenty Cents ($1.20) a box represented the fair market value of that shipment on said day. On September 20, 1941, there was no public auction sale for the reason that said day fell on Saturday. The plaintiff employed every diligent effort to sell said car on Saturday, but could find no buyers. On Monday, September 22, 1941, said ship *45 ment was sold at public auction to the highest bidder for a price of One Dollar and Five Cents ($1.05) a box, as a result of which the plaintiff suffered a financial loss by reason of decline in market.
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
1. There is evidence sufficient to warrant a finding for the plaintiff.
2. Customary and usual time between points involved in shipment constitutes evidence of reasonable promptness in making transportation.
3. Plaintiff presenting proof showing shipment delayed beyond usual time, together with evidence of proximate loss makes out a prima facie case.
4. Burden of proof is on the defendant to show that the delay in transportation was for a cause which relieved it from liability.
5. Since the shipment was received by the initial carrier in inter-commerce, the delivering carrier is liable to the owner thereof for any delay or damage caused by such delivering carrier or by the original carrier or by any intervening carrier over whose lines the property has passed.
6. If a carrier neglects to transport merchandise within a reasonable time and the market value of the merchandise falls, the measure of damage is the difference in its value at the time and place it should have been delivered and at the time of its actual delivery.
7. Market value is defined as a price established by public sales or sales in the way of ordinary business.
8. Market value is, at least, the highest price that a normal purchaser, not under peculiar compulsion, will pay at the time and place in question, in order to get the thing.
9. The market value of an article of merchandise is the price at which its owner or producer holds it for sale; the price at which it is freely offered in the market to all the world; such price as dealers in the article are willing to receive and purchasers are required to pay when the goods are bought and sold in the ordinary course of sale.
*46 10. There is evidence sufficient to warrant a finding that the defendant knew or contemplated that the owner intended to sell the merchandise in the market.
The Court disposed of the plaintiff’s requests for rulings of law in the following manner:
“Plaintiff’s rulings: No. 1, denied. (See special finding)
No. 4, denied. (See note below)
No. 10, denied.
Nos. 2, 3, 5, 6, 7, 8 and 9, granted.
With respect to No. 4, the Court instructs itself that where evidence of unusual delay has been presented, together with evidence of proximate loss, a prima facie case has been made out and the burden is then on the carrier to explain the delay and to show that it resulted from some cause other than its negligence or that of its agents or servants.
Special Finding: I find that there was a 24 hour delay in the shipment’ of grapes from Chicago to Boston. I also find that under the contract the defendant was not bound to transport ‘in time for any particular market or otherwise than with reasonable dispatch. ’
In view of this provision in the contract and in the light of all circumstances in the case, I further find that the delay in shipment was not an unreasonable one and the defendant, therefore, was not negligent and had not failed to properly perform in accordance with the terms of the agreement between the parties.”
The plaintiff seasonably, after a finding and before judgment, filed a Motion For New Trial the body of which reads as follows :
“Now comes the plaintiff in the above entitled action and moves that the Court, after finding for defendant and before judgment, to set aside said finding and grant a new trial and respectfully assigns as reasons therefor the following:
1. Because the finding was against the evidence.
2. Because the finding was contrary to the evidence and unwarranted by the evidence.
*47 3. Because the finding was against the evidence, the weight of the evidence presented and the law.
4. Because there has .been a mistake of law prejudicial to the plaintiff.
5. Because there has been a mistake of fact prejudicial to the plaintiff.
6. Because there was an inconsistency between certain rulings of law made by the Court and special finding of Court and finding for the defendant.”
At the hearing on the Motion For New Trial the plaintiff seasonably filed the following requests for rulings of law:
“Now comes the plaintiff in the above-entitled action and moves that at the hearing on Plaintiff’s Motion For New Trial the Court be instructed as follows :
1. The allowance of plaintiff’s request No. 3, since the defendant does not claim to be aggrieved thereby, and has made no claim fat a report because it was given, becomes the law of the case and both parties are bound by that ruling which reads as follows:
‘Plaintiff presenting proof showing shipment delayed beyond usual time, together with evidence of proximate loss makes out a prima facie case. ’
2. Prima facie evidence means evidence which not only remains evidence throughout the trial but also has up to a certain point an artificial legal force which compels the conclusion that the evidence is true, and requires the judge to give effect to its unquestionable truth by a ruling or a direction to the jury. It retains the artificial legal force and compelling effect which it has by virtue of being ‘prima facie evidence,’ until, and only until, evidence appears that warrants a finding to the contrary.
3. That the finding for the defendant is inconsistent with the law of the case as set forth in request No. 3, in that the defendant offered no evidence to the contrary.
4. The finding that the shipment was delayed 24 hours and the finding that the shipment moved with reasonable dispatch are inconsistent for the reason that if the shipment, arriving as it did 24 hours after due was transported with reasonable dispatch, then there could be no delay, and if there was delay, then the shipment *48 must have arrived at a time beyond that when it would have arrived if transported with reasonable dispatch.”
The Court disposed of the Motion For New Trial and the requests for rulings in the following manner:
“Motion for new trial denied. Plaintiff’s requests for rulings: No. 2, allowed. Nos. 1, 3 and 4, denied. Memoranda:
No. 1, is a correct statement as a general proposition of law, but does not become the law of the case in view of the special provision of the contract. The fact that shipment was ‘delayed beyond usual time’ is not conclusive. The word ‘usual’ must be considered in connection with the words ‘reasonable dispatch’ as used in the contract. The time of shipment was unusual, but I do not find the defendant transported the goods ‘ otherwise than with reasonable dispatch. ’ ”
The plaintiff filed certain requests for rulings of law. The third request which was allowed by the judge -is as follows :
• “Plaintiff presenting proof showing shipment delayed beyond usual time, together with evidence of proximate loss makes out a prima facie case. ’ ’
The allowance of this request became the law of the case since the defendant did not claim to be aggrieved by such ruling and made no claim for report on such. C. & S. Shoe Mfg. Co. vs. Dennett & Goddard Inc., 269 Mass. 317. Phillips vs. Director General of Railroads, 251 Mass. 263 at 268. S. E. Rand Transportation Co. vs. Boston & Maine R. R., 273 Mass. 327 at 331-332.
' When a litigant shows that his shipment was materially delayed beyond the usual time together with evidence of proximate loss, he makes out a prima facie case: It then devolves on the carrier to explain and to show that the delay was not .due to negligence on its part but arose from some *49 other cause. This burden is placed upon the carrier because the facts are peculiarly within its knowledge and are ordinarily unavailable to the shipper. Leo Lococo & Sons vs. Louisville N.R. Co., 259 Ky. 299 at 302.
The carrier is excused from the consequences of unusual or unreasonable delay in delivering the consignment in a safe and undamaged condition if it can justify that tardiness by showing that it was caused solely by the shipper or by an unavoidable accident or was due to occurrences as could not have been anticipated in the exercise of reasonable prudence, diligence or care. Louisville & N. R. Co. vs. Crain, 189 Ky. 431 (224 S. W. 766). Adams Express Co. vs. Burr Oak Jersey Farm, 182 Ky. 116 (206 S. W. 173).
The trial judge being bound to follow the ruling given which became the law of the case, he therefore became bound by the legal force of prima facie evidence. This evidence would therefore remain throughout the trial and would retain its force and effect until evidence appeared that unwarranted a finding to the contrary. Cincotta vs. DuPuy, 298 Mass. 294 at 299. Cook vs. Farm Service Stores, 301 Mass. 564 at 566.
The burden therefore was on the defendant to prove an excuse or such facts as would relieve it of liability upon the establishment of the prima facie case. Ideal Leather Goods Co. vs. Eastern Steamship Corp., 220 Mass. 133. Lyons vs. Boston & Main R. R., 261 Mass. 251.
The Court then denied the fourth requested ruling which was to the effect that the burden of proof was on the defendant to show that the delay in transportation was for a cause which relieved it of liability.
All this, combined with the denial of the first request that there was evidence sufficient to warrant a finding for the plaintiff, has placed the judge in a position where his finding is inconsistent with the law of the case.
*50 If there has been evidence upon which the judge could have found as a fact that the defendant had overcome the prima facie case and was not negligent, and such appeared in the report, the situation might be cured. But such is not the fact.
Counsel for the plaintiff has properly preserved his rights by his motion for a new trial calling attention to such inconsistency. The matter having been so raised, it is now open on the report to this division. Duralith Corp. vs. Leonard, 274 Mass. 397 at 401. Caton vs. Winslow Bros. & Smith Co., 309 Mass. 150 at 154.
While this Division would not have reversed a finding for the plaintiff since there was no evidence offered by the defendant to rebut the prima facie case, yet we feel that justice would be best, achieved by merely vacating the finding for the defendant and remanding the case for a new trial.
The finding for the defendant is therefore vacated and the case remanded for a new trial.